THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOSE F. AYON,<br><br>            Plaintiff,<br><br>      v.<br><br>LINCARE INC., a Delaware corporation, QP3 Training Systems, Inc., a Florida corporation, and TED DOE, an individual,<br><br>            Defendant. | No.: C05-0808<br><br>STIPULATED PROTECTIVE ORDER |

      Pursuant to the stipulation of the parties, which is filed as Document Number 20, and pursuant to FED. R. CIV. P. 26(c), it is ordered that the following provisions shall apply to all discovery in this litigation.

      1.     The parties in this litigation intend to produce in their initial disclosures, and in discovery, sensitive records that are necessary for use in this lawsuit but are private and confidential. Both parties have requested protection against improper disclosure. This Protective Order shall apply whether the materials or documents have been produced pursuant to initial disclosures, formal discovery, by subpoena, or by agreement.

      2.     The term "documents" as used in this Protective Order includes, but is not limited to: written, photographic, or electronic media, and extracts, summaries thereof and attachments thereto, employment, medical and/or governmental agency records pertaining to either party, answers to interrogatories, requests for admission and answers thereto,

deposition transcripts and exhibits, answers to requests for production, and any portions of court papers which quote from or summarize any of the foregoing.

3. Any document, information and/or similar materials produced in this litigation, or specific portions thereof, may be marked or otherwise designated by a party as "Confidential" if that party in good faith believes it contains confidential information, such as, but not limited to, the following:

    i. documents containing financial, private, or other proprietary information that is held confidential by either party; or

    ii. documents that are part of an individual's personnel file, or similar file, including the individual's identifying information such as name, address, telephone number and/or social security number, that a party treats as confidential, except that documents produced in this litigation prior to the entry of this Protective Order, including documents in Plaintiff's personnel file, will be treated as confidential documents subject to this Protective Order if either party designates them as confidential as provided in this Protective Order;

    iii. documents that describe, contain or disclose internal business information that is legitimately held confidential or as proprietary within Lincare Inc. ("Lincare") or;

    iv. the parties agree in writing that they are "Confidential."

The determination of whether materials fall into one of the above categories shall be made in the first instance by the party from whom discovery is sought. If there is a disagreement between the parties as to whether particular materials have been properly designated as "Confidential," the dispute may be resolved by the Court.

4. The parties recognize that experience may disclose that further categories of documents should also be treated as "Confidential." Entry of this Protective Order does not foreclose further agreements by counsel to keep documents confidential or application to the Court for protection of other confidential information.

5. If either party determines to mark information as "Confidential," that shall be

done by stamping each confidential page of documents with the notice "Confidential" prior to its production, or, in the case of documents produced by nonparties to this litigation, within 30 days of their receipt by counsel of record, the party requesting protection under this Order shall notify opposing counsel in writing for which documents it is requesting a designation of "Confidential" under this Order.  In the case of nondocumentary materials, "Confidential" shall be marked prominently on the item.

6. Except as expressly provided for in this Protective Order, "Confidential" materials and documents, and any information contained therein, shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity, and shall be used only for the prosecution and/or defense of this litigation and for no other purpose. Notwithstanding the preceding, nothing in this Protective Order shall in any way limit or preclude either party from using any of the files, records, information or materials that it has created or maintained for any of the business purposes for which they were created or maintained. In addition, this Protective Order does not preclude Lincare from using any "Confidential" documents or information produced by Lincare to defend the Company's position in other litigation.

7. "Confidential" documents may be referred to in interrogatory answers, motions, and/or briefs, and may be used in depositions and marked as deposition exhibits in this action.  However, no such document should be used for any of these purposes unless it, or the portion of the court paper wherein it is revealed, is appropriately marked and, if filed with the Court, is filed under seal.  Nothing in this Protective Order shall limit or prevent the use of any "Confidential" document or material in open court at hearings in, or during the trial of, this action, provided that such use shall not relieve the parties from their obligations under this Order, including (without limitation) the obligation to file "Confidential" documents under seal.

8. Except as provided above or pursuant to court order, "Confidential"

documents shall not be disclosed, to anyone except:

 a. the attorneys of record and their employees involved in the conduct of this litigation;

 b. any person who was an author or addressee of the document or who is shown on the document as having received a copy of it;

 c. the court, jury, court personnel, court reporters, and similar court personnel;

 d. any deposition witness in this litigation when shown to such witness before or during his or her testimony, provided the "Confidential" item shown to the witness has a reasonable and bona fide relationship to his or her testimony and subject to paragraph 10 below;

 e. those current or former employees, officers and/or directors of Lincare Inc. legitimately assisting Lincare's counsel in defending this claim;

 f. consultants and experts retained by any party for purposes of assisting in the preparation, investigation, or presentation of claims or defenses in this litigation; and

 g. Plaintiff, Joseph Ayon.

9. Prior to being shown "Confidential" documents, any person described in paragraphs 8(d), (f) and/or (g) above shall agree in writing to be bound by the terms of this Order, by signing an agreement to be found in the form of Attachment A, which is attached.

10. Either party may, during a deposition or within 30 days after receiving a deposition transcript, designate pages of that transcript (and exhibits thereto not already designated confidential) as "Confidential."  To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential Information," with bland, consecutively numbered pages being provided in a non-designated main transcript.  The separate transcript containing "Confidential Information" shall have page numbers that correspond to the blank pages in the main transcript.  Until the expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure

under this order. In the event either counsel believes that any deposition passage so designated as confidential is not within the scope of this Protective Order, counsel for both parties shall confer in an effort to resolve the matter. If counsel are unable to resolve their differences, the party advocating confidentiality shall promptly apply to this Court for a resolution of the dispute. Disputed documents shall remain confidential pending determination of their status by the Court. If a party does not timely designate confidential information in a deposition, then none of the transcript or its exhibits not previously designated as confidential will be treated as confidential unless otherwise agreed by the parties or ordered by the Court. If a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked. Nothing in this Protective Order shall limit the use of any deposition testimony or exhibits designated "Confidential" in open court at any hearing in, or during the trail of, this action, provided that such use shall not relieve the parties from their obligations under this Order, including (without limitation) the obligation to file "Confidential" documents under seal.

      11. In the event that any party to this litigation disagrees with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If a dispute with respect to the designation of documents or information as "Confidential" cannot be resolved, the objecting party may invoke this Protective Order by objecting within 60 days of the production of such documents in writing to the party who has designated the document or information as "Confidential." If a dispute with respect to the designation of a "Qualified Person" cannot be resolved, the objecting party may invoke this Protective Order by objecting within 14 days of the service of the designation of the Qualified Person. The designating party shall then be required to move the Court for an Order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall

constitute a termination of the restricted status of such item or the termination of the Qualified status of the individual.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

12. Upon request by opposing counsel, within sixty (60) days following the "conclusion of these proceedings" as defined below, counsel for each party shall return to counsel for the other party all "Confidential" materials produced by the other party, together with all abstracts, copies, and other documents containing any information in the confidential material. However, confidential documents or other materials produced by plaintiff that are the property of Lincare or whose original source was Lincare are not subject to the provisions of paragraph 10. "Conclusion of these proceedings" refers to the conclusion of this matter by motion, trial or settlement and, if concluded by motion or trial, the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law.

Each party's outside counsel shall maintain a log of all copies of "Confidential" documents which are delivered to any one or more of the persons described in paragraph 3, above.

14. The inadvertent or unintentional production of documents containing, or other disclosure of, "Confidential Information," without being designated as "Confidential Information" at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to specific information discussed or as to any information relating thereto or on the same or related subject matter. The production of documents or other tangible things pursuant to a request for production by Defendant shall not be deemed a waiver of any right by the producing party to object to admissibility of such document at a later time. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall

1  be treated appropriately from the date written notice of the designation is provided to the
2  receiving party.

3      15.   This order shall not bar any attorney, in the course of rendering advice to her
4  client, with respect to this litigation from conveying to any party client her evaluation in a
5  general way of "Confidential Information" produced or exchanged herein: provided,
6  however that in rendering such advice and otherwise communicating with her client, the
7  attorney shall not disclose the specific contents of any "Confidential Information" Produced
8  by another party herein, which disclosure would be contrary to the terms of this Protective
9  Order.

10     16.   The parties expressly acknowledge and agree that all remedies under Rule 37
11 will be available to the Court, in its discretion, to sanction any violation of this Order.

12     DATED this <u>9th</u> day of February 2006.

13

14

15 _____

16 HONORABLE JOHN C. COUGHENOUR

17 Presented By:
   Bullivant Houser Bailey PC

18 By:_____
19     Gretchen Herbison, WSBA #26310
       E-mail: gretchen.herbison@bullivant.com
20     Attorneys for Defendant Lincare Inc.
       BULLIVANT HOUSER BAILEY PC
21     1601 Fifth Avenue, Suite 2300
       Seattle, WA 98101
22     Telephone: 206.292.8930
       Facsimile: 206.386.5130
23
   ZENDER THURSTON PS
24
   By:_____
25     Deborra Garrett, WSBA #9505
       E-mail: dgarrett@vztlaw.com
26     Attorneys for Plaintiff Jose F. Ayon
       ZENDER THURSTON PS

| | |
|---|---|
| 1 | 1700 D Street |
| | Bellingham, WA  98227 |
| 2 | Telephone:  360.647.1500 |
| | Facsimile:  360.647.1501 |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

# ATTACHMENT A

I, _____, have been advised by counsel of record for plaintiff or defendant (circle one) in *Jose F. Ayon v. Lincare Inc., QP3 Training Systems, Inc. and Ted Doe*, United States District Court for the Western District of Washington, Case No. C05-0808, of the protective order governing delivery, exhibition, publication, or disclosure to me of confidential documents and information produced in this litigation, together with the information contained therein. I have read a copy of said protective order and agree to abide by its terms, including its limitation on any further delivery, exhibition, publication, or disclosure of documents and information subject to the order.

_____
Signed

_____
Printed Name

_____
Date