UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE F. AYON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LINCARE INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C05-0808C<br><br>ORDER |

　　　This matter has come before the Court on Plaintiff Ayon's motion to strike Defendant Lincare's after-acquired evidence affirmative defense. (Dkt. No. 43.) Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby DENIES the motion.

　　　Defendant Lincare asks to be permitted to add the after-acquired evidence doctrine to its affirmative defenses. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has directed district courts to consider the presence of bad faith, undue delay, prejudice to the opposing party, and futility, "with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

　　　Here, the evidence shows that Defendant Lincare could not have been, and was not, aware of the underlying facts giving rise to the after-acquired evidence defense until it deposed Plaintiff. Plaintiff's deposition did not take place until May 16, 2006. The evidence on the record shows that neither

ORDER – 1

Defendant Lincare nor Plaintiff are culpable for the delay in scheduling his deposition. However, despite its evident immediate recognition that the after-acquired evidence theory was a plausible defense (Defendant Lincare followed up Plaintiff's deposition with a discovery request for Plaintiff's school records on June 1, 2006) Defendant Lincare did not assert the after-acquired evidence theory until it filed its motion for summary judgment on June 27, 2006. Although this delay was sub-optimal, the Court does not find that it rises to the level of "undue delay" that would justify denying leave to amend.

There is also no evidence in the record that the delay resulted from bad faith on Defendant Lincare's part.

With respect to prejudice to Plaintiff, the Court finds that any potential prejudice to Plaintiff resulting from the amendment of Defendant Lincare's answer will be cured by a continuance of the trial date, permitting Plaintiff to conduct discovery related to the defense. Although Plaintiff may have had an opportunity to conduct this discovery before, Plaintiff's failure to do so is not culpable.

Finally, the Court does not find that Defendant Lincare's assertion of the defense is futile. The Court's order on Defendant Lincare's summary judgment motion discussed the evidentiary defects prohibiting summary judgment, but recognized that the defense was a valid possibility.

Accordingly, the Court will permit Defendant Lincare to amend its answer to add the after-acquired evidence affirmative defense. Plaintiff's motion is therefore DENIED. Plaintiff's request that the additional discovery be at Defendant's expense is also DENIED.

The parties are instructed to stipulate to an acceptable continuance of the trial date and notify the Court of their agreement within five days of entry of this order.

SO ORDERED this <u>24th</u> day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 2